**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANDON WILLIAMS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CV-455** |
| | ) | |
| **HONORABLE DENIS RICHARD** | ) | |
| **MCDONOUGH, SECRETARY OF** | ) | |
| **THE DEPARTMENT OF** | ) | |
| **VETERAN AFFAIRS,** | ) | |
| **Defendant.** | ) | |

### PLAINTIFF BRANDON WILLIAMS' ORIGINAL COMPLAINT

To the HONORABLE JUDGE of said court, now comes Plaintiff Brandon Williams, through his counsel, and files this Original Complaint under Title VII of the Civil Rights Act of 1964.

### NATURE OF THE ACTION

1.      This is an action to halt and seek redress for gender discrimination, including wrongful failure to hire under Title VII of the Civil Rights Act of 1964.

2.      Title VII, prohibits discrimination on account of numerous protected classifications, including sex and/or gender. *See* 42 U.S.C. §§ 2000e, *et seq*.  Title VII provides that federal employees and applicants for federal employment "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

### PARTIES, JURISDICTION AND VENUE

3.      Plaintiff Brandon Williams is an adult male resident and citizen of the State of Texas and of the United States.  At all times relevant to this Complaint, Plaintiff was a male disabled veteran and an employee of the Department of Veteran Affairs.

**PLAINTIFF BRANDON WILLIAMS' ORIGINAL COMPLAINT – Page 1 of 6**

4.      Defendant Denis Richard McDonough is the current Secretary of Veteran Affairs. Accordingly, he is the proper Defendant in this matter by Plaintiff to enforce Title VII and seek relief for the Department of Veteran Affairs violations of Title VII because "[u]nder Title VII and the Rehabilitation Act the proper defendant is 'the head of the department, agency, or unit, as appropriate.'" See, *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting 42 USC § 2000e-16). Secretary McDonough may be served as follows:

Hon. Denis Richard McDonough
Secretary, U.S. Department of Veteran Affairs
810 Vermont Avenue
Washington, DC 20420 NW

5.      This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 2000e, *et seq*. and 29 CFR § 1614.407 in that Plaintiff complains of sex discrimination and timely filed a Complaint of Employment Discrimination with the Department of Veteran Affairs on March 8, 2022. Since that time, 180 days have passed, and no "agency final action" has been taken. Accordingly, Plaintiff has exhausted administrative remedies and this Court has jurisdiction over this matter. *See Bowers v. Nicholson*, Civil Action No. H-07-1910, 2007 WL 3047223, *5 (S.D. Tex. Oct. 18, 2007); *Brown v. Tomlinson*, 462 F.Supp2d 16, 20 (D.C. Cir. 2006) (discussing exhaustion of remedies pursuant to 29 C.F.R. § 1614.407(b)).

6.      Venue in this Court is proper under 28 U.S.C. §1391, *inter alia*, because Plaintiff worked for the Department of Veteran Affairs within this district and division at Vet Center #721, 14300 Cornerstone Village Drive, Houston, Texas 77014, and thus "a substantial part of the events or omissions giving rise to the claim occurred" within the Eastern District of Texas and the Sherman Division.

**FACTUAL ALLEGATIONS**

7.      Mr. Williams was engaged as a Social Worker (GS-9 Readjustment Counselor) for the Department of Veteran Affairs in Houston, Texas. A combat veteran with military-caused PTSD, Williams was a social worker and readjustment counselor, conducting group and individual counseling for eligible veterans, including veterans needing assistance in transitioning to or flourishing in the civilian world after their military experiences.

8.      Williams worked directly for Dr. Stan Huff at the Vet Center #731 in Houston, Texas.

9.      On or about March 2, 2022, Dr. Huff violated Plaintiff's rights by failing to follow VA hiring practices, failing to properly post a position of employment, and failing to hire Williams for a job position based on Williams' sex: male.

10.      Indeed, Dr. Huff had stated on numerous occasions that he wanted to hire a female for a new opening. Accordingly, in filing the position in question, Dr. Huff decided to avoid usual hiring practices and did not post this new position for open hiring via USAJobs.com.

11.      Instead, Dr. Huff directly hired a female social worker for the position in question, a procedure which denied Williams the ability to apply for the position based on his sex/gender: male.

12.      Williams was a more qualified candidate for the job in question based on the Knowledge, Skills and Abilities required for the job, and based on the actual duties of the job.

13.      Specifically, the female who was awarded the job based on her gender (Awardee) despite the fact that she lacked several valuable skills and abilities that Williams possessed.

14.      For example, the position required interaction with combat veterans; Williams was a combat veteran, yet the Awardee was not a veteran at all. The job required significant

**PLAINTIFF BRANDON WILLIAMS' ORIGINAL COMPLAINT – Page 3 of 6**

contact with Vietnam era veterans; Williams had significant experience with such veterans; yet the Awardee admitted she was uncomfortable with such veterans.

15.    The job required leading group counseling sessions with almost half of the veterans served by the position being involved in group counseling sessions. Williams had significant experience in leading such sessions, yet the Awardee admitted she had never done group counseling.

16.    Although the Awardee had a relatively higher credential than Williams, this credential was in marriage and family counseling, and the job did not involve marriage or family counseling. Even more, Williams was already conducting all of the various duties of the position, unlike the Awardee, who was required to learn new skills in a different clinical setting than her prior position.

17.    Indeed, due to the awardee's lack of skill and ability, many veterans left counseling after she became their counselor because she was unable to perform the vital function of connecting with her patients outside the area of her prior expertise or ability.

18.    Had the job been properly posted, Williams was a better candidate for the job and would have received the job.

19.    Williams has been injured financially and emotionally as a consequence of the unlawful discrimination he has suffered. In addition to such actual and consequential damages, Williams has been required to engage counsel to protect his rights.

### CLAIM FOR RELIEF
### (Wrongful Failure to Follow Hiring Procedures and Failure to Hire Based on Sex)

20.    Plaintiff realleges each allegation set forth in the paragraphs above.

21.    Title VII provides that federal employees and applicants for federal employment "shall be made free from any discrimination based on race, color, religion, sex, or national

**PLAINTIFF BRANDON WILLIAMS' ORIGINAL COMPLAINT – Page 4 of 6**

origin." 42 U.S.C. § 2000e-16(a).

22.     Plaintiff's rights to be free from discrimination based on sex were violated by the Department of Veteran Affairs by Dr. Stan Huff's failure to hire Plaintiff for the position in questions, by Dr. Huff's failure to follow VA hiring practices and properly post the position for open applications, and instead by filing the position as a direct hire so that Dr. Huff could fill the position with a female based on sex.

23.     As a result of said unlawful discrimination, Plaintiff has suffered and will continue to suffer harm, including compensatory damages, lost wages in the past and in the future, mental anguish, attorney fees, cost of court, pre- and post-judgment interests, and any other relief in law or equity that the Court deems just and right.

## JURY REQUEST

Plaintiff respectfully requests a trial by jury on all elements of fact or law so triable, with the submission of equitable issues to the jury as advisory requests for all issues of equity as the Court seems fit in its equitable discretion to seek jury input.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

a. Back pay and loss of benefits in the past, understood to be legal damages, in an amount to be determined at trial by the jury;

b. Awarding of the position in question or one similar to it; or in the event that reinstatement is not granted under the Court's equitable powers as unfeasible under the circumstances, an award under the equitable remedy of front pay and/or loss of benefits in the future;

**PLAINTIFF BRANDON WILLIAMS' ORIGINAL COMPLAINT – Page 5 of 6**

c.  Compensatory and consequential damages, including for emotional distress, mental anguish, embarrassment, and loss of enjoyment of life;

d.  Pre-judgment and post-judgment interest at the highest lawful rate;

e.  Attorneys' fees and costs of this action; and

f.  Any and all such further relief in law or in equity as the Court deems just and right.

Respectfully submitted,

*/s/Eric N. Roberson*

Eric Roberson
Texas State Bar No. 00792803
ENR@Kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099 Switchboard
214.379.0843 Fax
**COUNSEL FOR PLAINTIFF**
**BRANDON WILLIAMS**

**PLAINTIFF BRANDON WILLIAMS' ORIGINAL COMPLAINT – Page 6 of 6**