**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISON**

| | | |
|---|---|---|
| **BRANDON WILLIAMS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:23-cv-00455** |
| | § | |
| **DOUGLAS A. COLLINS, SECRETARY** | § | |
| **OF THE DEPARTMENT OF** | § | |
| **VETERANS AFFAIRS** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' RESPONSES IN OPPOSITION**
**TO DEFENDANT'S MOTIONS IN LIMINE**

Respectfully submitted,

/s/ Eric N. Roberson

Eric N. Roberson
State Bar No.00792803
ENR@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Ste. 500
Dallas, Texas 75219
(214) 379-0817Telephone
(214)379-0840 Telecopy
**ATTORNEY FOR PLAINTIFF**
**BRANDON WILLIAMS**

**CERTIFICATE OF SERVICE**

This is to certify this document was served on the following counsel of record by email through the electronic filing system of the court on this 24th day of July to Defense Counsel of Record.

/s/ Eric N. Roberson

Eric N. Roberson

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE – PAGE - i of 10**

## TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................1

II.     LEGAL BACKGROUND .....................................................................................2

      A.    **MOTION IN LIMINE #1- Plaintiff's Testimony as to His Mental Anguish** ........................................................................................................3

      B.    **MOTIONS IN LIMINE #2 and 4 – Plaintiff's Testimony as to Qualifications**..................................................................................................5

      C.    **MOTIONS IN LIMINE #3 and 5– Testimony as to Veteran Status and Federal Hiring Preference for Veterans** ...............................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Deines v. Texas Dep't of Prot. & Regul. Sercs.*
    164F.3d 277, 281 (5th Cir. 1999) ...........................................................................7

*Desert Palace, Inc. v. Costa*,
    539 U.S. 90 .............................................................................................................1

*EEOC v. First Metro. Fin. Serv., Inc.*,
    515 F. Supp. 3d 573 (N.D. Miss. 2021)..................................................................2

*EEOC v. Louisiana Office of Community Services*,
    47 F.3d 1438 (5th Cir.1995) ...................................................................................7

*Forsyth v. City of Dallas*,
    91 F.3d 769 (5th Cir.1996) (Section 1983)........................................................4, 5

*Harkness v. Bauhaus U.S.A., Inc.*,
    2015 WL 631512 (N.D. Miss. Feb. 13, 2015) .......................................................2

*King v. Cole's Poultry, LLC*,
    2017 WL532284 (N.D. Miss. Feb. 9, 2017) ..........................................................2

*McCaig v. Wells Fargo Bank (Texas), N.A.*,
   788 F.3d 463 (5th Cir. 2015) ................................................................................4

*Migis v. Pearle Vision Inc.*,
   135 F.3d 1041 (5th Cir. 1998) ...........................................................................4, 5

*Nichols v. Lewis Grocer*,
   138 F.3d 563 (5th Cir. 1998) ...............................................................................6, 7

*Price v. Fed. Exp. Corp.*,
   283 F.3d 715 (2002)..............................................................................................6, 7

*Setewart v. Hooters of Am., Inc.*,
   No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843 (M.D. Fla. June 18, 2007)............2

*Walton v. Bisco Indus. Inc.*,
   119 F.3d 368 (5th Cir. 1997) .................................................................................7

**Statutes**

42 U.S.C. Section 1983...............................................................................................3, 4

5 USC § 2108(3)(c)..........................................................................................................9

Texas Debt Collections Act .............................................................................................4

**Other Authorities**

Federal Rules of Evidence - Rule 402 ............................................................................2

Federal Rules of Evidence - Rule 403 ............................................................................2

Federal Rules of Evidence - Rule 404(b)........................................................................3

Federal Rules of Evidence = Rule 701 ...........................................................................8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISON**

| | | |
|---|---|---|
| **BRANDON WILLIAMS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:23-cv-00455** |
| | § | |
| **DOUGLAS A. COLLINS, SECRETARY** | § | |
| **OF THE DEPARTMENT OF** | § | |
| **VETERANS AFFAIRS** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' RESPONSES IN OPPOSITION**
**TO DEFENDANT'S MOTIONS IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Brandon Williams files this His Responses in Opposition to Defendant's Motions in Limine (Dkt. 38-8) stating as follows:

**I.    INTRODUCTION**

The Court's denial of Defendant's Motion for Summary Judgment Makes it clear that this case has direct evidence of gender discrimination (Dkt. 36, pp. 8-9). Since direct evidence is not even required for a mixed-motive jury charge[1], there can be no doubt that this case is a mixed-motive case. Even so, Defendant's Motions in Limine as well as its requested jury charge seems stuck in the hope that this Court will ignore the fact that this is clearly a mixed-motives case.

**II.    LEGAL BACKGROUND**

"[T]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to

---

[1]    *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101; 123 S.Ct. 2148, 2155 (2003).

identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine.*" *See EEOC v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021) (quotation omitted)). Thus, "a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Harkness*, 2015 WL 631512 at *1. Accordingly, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.' " *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

Further, a "Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *See Setewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)).

Motions in Limine are typically based on the Rules of Evidence that seek to prevent prejudice or waste of the Court's time. For example, Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. Likewise, Rule 403 requires the Court to balance the probative value of evidence against the danger of "unfair prejudice,

**PLAINTIFFS' MOTION IN LIMINE – PAGE 2 of 5**

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Further, Rule 404(b), a party may not introduce evidence of a prior bad act in order to show that on a particular occasion the person acted in accordance with the character demonstrated by the bad act.

Accordingly, Plaintiff's Counsel is accustomed to seeing Motions in Limine designed to prevent the introduction of inflammatory evidence that is of limited probative value and/or will unfairly prejudice a party or waste time to counter such evidence to prevent such prejudice. However, this is not the case with Defendant's Motions in Limine. Instead, they seek to prevent a trial on the merits by effectively quashing the Plaintiff's case in chief. In a continued disregard or misunderstanding of employment law, all five of Defendant's Motion in Limine are based on the concept that the Plaintiff's evidence has no value and the only evidence that matters is the Defendant's evidence. Because this is simply not the law, Plaintiff objects to the Defendant's Motions in Limine.

A.      **MOTION IN LIMINE #1- Plaintiff's Testimony as to His Mental Anguish**.

Defendant's Motion in Limine Number One is a request for a limine order to prohibit Plaintiff from presenting testimony as to his mental anguish until his physicians have presented testimony as to medical causation.

Plaintiff opposes this motion in limine because it ignores the great weight of caselaw that states a Plaintiff may present testimony as to his or her mental anguish without medical support. For example, the Fifth Circuit Jury Instruction on Mental Anguish in Section 1983 cases states as follows:

> To recover compensatory damages for mental and emotional distress,[1] Plaintiff [name] must prove that [he/she] has suffered a specific discernable injury with

**PLAINTIFFS' MOTION IN LIMINE – PAGE 3 of 5**

credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff [name] must support [his/her] claims with competent evidence of the nature, extent, and duration of the harm. Damages for  mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.[2]

*See* Fifth Circuit Pattern Jury Instructions (Civil Cases) at 10.13 (footnotes omitted).[2]

Under prior Fifth Circuit case law, a Plaintiff's own lay testimony that his heart pain was a result of the legal wrong he was seeking to redress was sufficient to support his mental anguish claim. See *McCaig v. Wells Fargo Bank (Texas), N.A.,* 788 F.3d 463, 483-84 (5th Cir. 2015) (approving mental anguish under the Texas Debt Collections Act).

Indeed, in a wrongful termination case under 42 U.S.C. Section 1983, the Fifth Circuit has held that a plaintiff's uncorroborated testimony to support an award for mental anguish damages. *Migis v. Pearle Vision Inc.,* 135 F.3d 1041, 1046 (5th Cir. 1998) (Title VII); *Forsyth v. City of Dallas,* 91 F.3d 769, 774 (5th Cir.1996) (Section 1983).

In *Migis*, the Fifth Circuit affirmed the award of mental anguish and summarized the testimony to support mental anguish as follows:

> The evidence of mental anguish testimony in the pending case consisted solely of Migis's testimony. She testified that her termination, which came without warning, was "a major inconvenience," and that she suffered low self-esteem "not only from not having worked but from getting terminated and not offered a position that I thought I was qualified for...." With her new baby she suffered financial hardships. She stated that she suffered "almost what I would call stress attacks or anxiety attacks," marital hardship, and "major stress," as well as "lot[s] of crying, sleeplessness."

*Id*. at 1046-47.

---

[2]      Although the Fifth Circuit does not have a similar jury instruction for mental anguish in Title VII cases, given the similarities, this instruction may be helpful to the jury in this case.

**<u>PLAINTIFFS' MOTION IN LIMINE – PAGE 4 of 5</u>**

In *Forsyth*, the Fifth Circuit summarized the testimony to support mental anguish as follows:

> Forsyth testified that she suffered depression, weight loss, intestinal troubles, and marital problems, that she had been sent home from work because of her depression, and that she had to consult a psychologist. Kirks testified that he suffered depression, sleeplessness, and marital problems. Judgments regarding noneconomic damages are notoriously variable; we have no basis to reverse the jury's evaluation.

*Id*. at 774.

A more recent Western District of Texas case highlights how a lay Plaintiff may support his mental anguish damages with lay evidence. See *Johnson v. Sw. Research Inst.*, case no. 5:15-cv-297, 2019 WL 4003106,  (W.D. Tex. Aug. 23, 2019). In *Johnson*, the court awarded the plaintiff $300,000 in compensatory damages, which was the maximum amount of compensatory available under the law. In Johnson, the plaintiff presented testimony about the effect her termination had on her. In confirming the compensatory damages award, the Court described the evidence that supported it:

> Her husband explained the termination "sent her into a deep depression," necessitating antidepressant medication as well as frequent doctor visits, and triggering emotional breakdowns whenever she would run into someone connected to Southwest Research in public. He specifically discussed an episode where Johnson began uncontrollably sobbing in a Whataburger, and another where Johnson couldn't bear to stay at a friend's funeral after encountering some former colleagues also in attendance. A former colleague further described how Johnson's termination "devastated" her.

Accordingly, there is simply no legal basis to support the concept that Plaintiff cannot testify as to his own mental anguish until after his medical caregivers have provided expert testimony.

Accordingly, Defendant's Motion in Limine Number 1 should be denied.

**B.      MOTIONS IN LIMINE #2 and 4 – Plaintiff's Testimony as to Qualifications**.

Defendant's Motion in Limine Number 2 seeks to prevent Plaintiff from offering "any discussion

**PLAINTIFFS' MOTION IN LIMINE – PAGE 5 of 5**

of Plaintiff's Belief that he is "better qualified than the selected individual or any other individual, based on qualifications that are not demonstrated by the admissible evidence." Defendant's Motion in Limine Number 4 seeks to prevent Plaintiff's testimony "regarding knowledge, Skills and Abilities required for the job or that should be weighed more heavily for the job."

Thus, Defendant seeks to prevent all lay testimony by Plaintiff on the disputed issue of Defendant's Affirmative defense that it would have hired Megan Myers for the job in question despite the fact that she lacked specific experience needed for the job that Plaintiff possessed.

Plaintiff opposes this motion in limine because it is based on several false premises, including that this case remains a Pretext/*McDonnell Douglass* case or that it is controlled by summary judgment standards. Perhaps this because Defendant has failed to conduct any discovery in this case and has failed to depose that Plaintiff, and perhaps this is because the Defendant fails to understand the nature of "qualifications" testimony. In either event the Court should deny the Motion in *Limine* and allow the Plaintiff and other witnesses with factual foundation of the knowledge of the Plaintiff's qualifications and Megan Myers' qualifications to testify as to whom was more qualified.

Specifically, Defendant wrongly assert that three cases are controlling and prevent the jury from questioning the "validity of an employer's good faith belief as to one employee's competence over another." *See* Dkt. 38-8 at p. 5, quoting *Deines v. Texas Dep't of Prot. & Regul. Sercs.* 164F.3d 277, 281 (5th Cir. 1999); and also citing *Walton v. Bisco Indus. Inc.*, 119 F.3d 368, 372 (5th Cir. 1997), *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (2002), and *Nichols v. Lewis Grocer*, 138 F.3d 563, 568-69 (5th Cir. 1998).

However, Defendant continues to lack understanding of the standards under a mixed motive case. For example, in *Deines*, the Fifth Circuit affirmed a jury verdict for the employer

**<u>PLAINTIFF'S MOTION IN LIMINE – PAGE 6 of 10</u>**

under the Pretext/*McDonnell Douglass* standard and rejected arguments that the trial court had issued an improper jury charge related to the definition of pretext. *See* 164 F.3d at 281. In the *Walton*, *Price*, and *Nichols* cases, the Fifth Circuit affirmed summary judgments that had been granted for the employer for lack of evidence of pretext under the Pretext/*McDonnel Douglass* standard.

Indeed, the *Nichols* case is illustrative of Defendant's lack of understanding of the nature of the cases it cites. In *Nichols*, the Plaintiff was seeking to establish that his qualifications were so much higher than the candidate selected that the disparity itself was evidence of pretext. See 138 F.3d at 568-69. In response, the Fifth Circuit cited *EEOC v. Louisiana Office of Community Services,* 47 F.3d 1438, 1444 (5th Cir.1995) for the proposition that "A factfinder can infer pretext if it finds that the employee was 'clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected." *Id*. at 568. However, the Court affirmed the employer's summary judgment because to establish evidence of pretext based on qualifications a plaintiff has to show that he or she is "clearly better qualified." *See id*. at 568-69. Thus, these cases are all clearly limited to proving pretext under the Pretext/*McDonnel Douglass* standard, and not a single one of the four cases cited by Defendant stands for the unsupportable concept that in a case like this one with direct evidence of discrimination based on gender sufficient to support a mixed motive jury question that the employer can exclude Plaintiff's comparative evidence of his relatively higher qualifications to challenge the Defendant's evidence on its affirmative defense that it would have made the same decision even in the absence of considering the Plaintiff's gender.

Additionally, Plaintiff cites to cases which allegedly prevent the jury from questioning the "validity of an employer's good faith belief as to one employee's competence over another." However, in a mixed-motive case, the evidence of an improper motive means that it is precisely

the jury's duty to question the validity of one employee's competence over the other because there is evidence of improper motive.

Moreover, job qualifications are proper testimony of lay witnesses under Rule 701. *See, e.g., Su v. Siemens Industry, Inc.*, case no. 2014 WL 1894315, * 14, n. 16 (N.D. Cal. May 12, 2014) (admitting lay testimony as to qualifications for a job in a wrongful termination case under state whistleblower law). This discrepancy related to job qualifications are the heart of what the Court has held is the job of the jury in this case:

> That said, the Court acknowledges that Dr. Huff indicated a desire to fill the position with a licensed counselor at the GS-11 level, (Dkt. No. 23-3 at 8), and an individual can only rise to GS-11 level if he or she is licensed, (*id.* at 9). However, when Williams approached Dr. Huff about the position, Dr. Huff "did nothing to dissuade [Williams] from the idea that [he] would be able to apply for the position." (Dkt. No. 25-1 at 3). The Court also understands that Dr. Huff offered the job to Larry Bell, a male licensed counselor at the GS-11 level. (Dkt. No. 23-2 at 8); (Dkt. No. 23-7 at 1). But viewing the evidence in the light most favorable to Williams, *see Carr*, 866 F.3d at 601, the Court finds that there is a genuine issue of material fact as to whether Williams's qualifications, regardless of sex, were the true reason he was not hired. Summary judgment is therefore inappropriate.

Dkt. 36 at pp. 13-14.

Accordingly, Defendant's Motions in Limine Numbers 2 and 4 should be denied.

**C.      MOTIONS IN LIMINE #3 and 5– Testimony as to Veteran Status and Federal Hiring Preference for Veterans**. Defendant's Motion in Limine Number 3 seeks to prevent Plaintiff from offering "[a]ny discussion or argument that the Department of Veterans Affairs ("VA") failed to follow VA hiring practices." Defendant's Motion in Limine Number 5 seeks to prevent Plaintiff from offering "[a]ny argument that Plaintiff deserves the position at issue, preferential treatment or damages simply because he is a veteran."

These Motions in Limine again are based on a fundamental misunderstanding of the Defendant's burden in a mixed motive case and demonstrate a lack of factual understanding of the job in question.

First, there is no doubt that the Plaintiff is a veteran, that he suffered combat related PTSD, and that he has overcome that PTSD. There is also no doubt that Megan Myers was not a veteran, never had PTSD, and has never seen combat. There is also no doubt that the Readjustment Counseling position was one in which the counselor was counseling patients who were former veterans, many of whom had PTSD, and many of whom were needing assistance in adjusting to civilian life specifically because they suffered from PTSD and combat related stress. Even without any discussion of hiring policies and procedures, because the job in question is a Readjustment Counselor for veterans, Plaintiff's combat experience, his military-related PTSD, and his overcoming PTSD are all facts that a mixed motive jury may consider in determining if Defendant has met its affirmative defense burden.

Likewise, there is no doubt that the VA has a legally mandated preference for Disabled Veterans like Plaintiff in its hiring practice. See 5 USC § 2108(3)(c).  There is no doubt that as a disabled veteran the Plaintiff qualified for a Veteran's Recruitment Appointment for the job in question.  See   https://www.opm.gov/fedshirevets/hiring-officials/strategic-recruitment-and-hiring/veterans/#url=Veterans-Recruitment-Appointment accessed on July 30, 2025. Moreover, there is no doubt that if the job in question had been posted on USAJobs that Plaintiff would have received a specific point bonus in his application.

So, what Defendant is seeking to do is both ignore that the jury can and should be able to consider that being a combat veteran with PTSD actually made Plaintiff a better candidate for the

<u>**PLAINTIFF'S MOTION IN LIMINE – PAGE 9 of 10**</u>

position than Megan Myers. Moreover, it is also seeking to ignore federal law that rewards disabled combat veterans with job preference.

Accordingly, Defendant's motions in limine # 3 and # 5 should be denied.

Respectfully submitted,

*/s/ Eric N. Roberson*

Eric N. Roberson
State Bar No.00792803
ENR@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Ste. 500
Dallas, Texas 75219
(214) 379-0817Telephone
(214)379-0840 Telecopy
**ATTORNEY FOR PLAINTIFF**
**BRANDON WILLIAMS**